# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 6, 2004

## STATE OF TENNESSEE v. RICKY GROVER AARON

**Appeal from the Criminal Court for Davidson County**
**No. 99-D-2360 Walter Kurtz, Judge**

---

### No. M2002-02288-CCA-R3-CD - Filed December 13, 2004

---

In June of 2001, the appellant, Ricky Grover Aaron, was convicted by a jury of especially aggravated sexual exploitation of a minor and false imprisonment. As a result of his convictions, the trial court sentenced the appellant to eleven (11) years for the conviction for especially aggravated sexual exploitation of a minor and eleven months, twenty-nine days on his conviction for false imprisonment. The trial court further ordered that the appellant's sentences be served concurrently to each other, but consecutively to a federal sentence he was already serving.

On July 8, 2004, this Court affirmed both the appellant's convictions and the sentence imposed by the trial court. See State v. Ricky Grover Aaron, No. M2002-02288-CCA-R3-CD, 2004 WL 1533825 (Tenn. Crim. App. at Nashville, Jul. 8, 2004). On July 14, 2004, the appellant filed a petition to rehear, urging this Court to consider the impact of the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), delivered on June 24, 2004, on his sentence. Finding the position well-taken due to the potential impact of the Blakely decision upon the current Tennessee Sentencing Act, this Court granted the petition to rehear on August 2, 2004. The parties filed supplemental briefs fully addressing their view of the impact of Blakely on the appellant's sentence. After a thorough review, we conclude that in light of Blakely, the trial court impermissibly considered certain enhancement factors to arrive at the appellant's sentence for especially aggravated sexual exploitation of a minor. Therefore, we modify the appellant's sentence for especially aggravated sexual exploitation of a minor from eleven (11) years to nine (9) years. Accordingly, the portion of the previous opinion of this Court affirming the appellant's sentence is vacated. All other portions of this Court's previous opinion are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Vacated in Part; Affirmed in Part; Sentence Modified.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., concurred in results and DAVID G. HAYES, J., dissented.

Jeffrey DeVasher, Assistant Public Defender, Nashville, Tennessee, for the appellant, Ricky Grover Aaron.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; Victor S. Johnson , District Attorney General; Brian Holmgren and Lisa Naylor, Assistant Districts Attorney General, for the appellee, State of Tennessee.

## OPINION ON REHEARING

## FACTUAL BACKGROUND

The appellant herein was convicted of especially aggravated sexual exploitation of a minor, a Class B felony. A Class B felony is punishable by "not less than eight (8) nor more than twelve (12) years." Tenn. Code Ann. § 40-35-112(a)(2). As a Range I, standard offender the presumptive sentence for a Class B felony is the minimum sentence in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). The trial court in this case imposed a sentence of eleven (11) years based on the application of the following statutory enhancement factors: (1) "The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114(2); (2) "The offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement." Tenn. Code Ann. § 40-35-114(8); (3) "The defendant abused a position of public or private trust . . . ." Tenn. Code Ann. § 40-35-114(16).

The appellant argues that the trial court violated his right to trial by jury, guaranteed to him by the Due Process Clause of the Fourteenth Amendment, when it enhanced his sentence, at least in part, by finding facts not submitted to the jury and proven beyond a reasonable doubt. See Blakely, 542 U.S. at ___, 124 S. Ct. at 2537. Specifically, the appellant argues that because factors (8) and (16) were "neither admitted by the defendant nor related to a prior conviction" as required by Blakely, this Court must reduce the appellant's sentence "corresponding to the weight this Court gave those factors in affirming the trial court's sentence." The State counters that "any sentencing challenge available to the defendant under Blakely is now waived because the defendant did not properly object at sentencing or raise the issue on direct appeal or in his appellant briefs." Further, the State argues that any error by the trial court in applying enhancement factors is harmless beyond a reasonable doubt.

Prior to the release of Blakely, in order to determine a defendant's sentence, a trial court started at the presumptive sentence, enhanced the sentence within the range for existing enhancement factors, and then reduced the sentence within the range for existing mitigating factors in accordance with Tennessee Code Annotated section 40-35-210(e). No particular weight for each factor is prescribed by the statute; the weight given to each factor is left to the discretion of the trial court as long as it comports with the sentencing principles and purposes of our code and as long as its findings are supported by the record. See State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995). This Court has recently recognized that Blakely "calls into question the continuing validity of our current sentencing scheme." State v. Julius E. Smith, No. E2003-01059-CCA-R3-CD, 2004 WL 1606998, at *4 (Tenn. Crim. App. at Knoxville, July 19, 2004); see also State v. Michael Wayne

Poe, No. E2003- 00417-CCA-R3-CD, 2004 WL 1607002, at *9 (Tenn. Crim. App. at Knoxville, July 19, 2004).

In Blakely, the Supreme Court determined that the "statutory maximum" sentence for Apprendi[1] purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at ___, 124 S. Ct. at 2537. In other words:

> [T]he relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

Id. Blakely involved the sentencing scheme of the State of Washington where the criminal code establishes maximum sentences for felonies according to the class of felony. Washington also has presumptive sentencing ranges based on the seriousness level of the offense and the offender's criminal history. In Washington, a judge is permitted to impose a sentence above the presumptive range when there exists "substantial and compelling reasons justifying an exceptional sentence." Blakely, 542 U.S. at ___, 124 S. Ct. at 2535. A judge may impose an exceptional sentence utilizing one of these "reasons" illustrated in the Sentencing Reform Act only if it is not already taken into account in the calculation of the presumptive range.

Blakely pled guilty to second-degree kidnapping with a firearm. As a class B felony, it was punishable by a sentence of up to 10 years. The Sentencing Reform Act of Washington, however, specified a presumptive range of 49 to 53 months. The sentencing judge imposed an exceptional sentence of 90 months on the ground that the defendant had acted with "deliberate cruelty," a statutorily enumerated ground for upward departure. The Supreme Court ultimately determined that Washington's sentencing procedure violated the defendant's Sixth Amendment right to a trial by jury. Id. 542 U.S. at ___, 124 S. Ct. at 2538.

The State contends that the appellant has waived any Blakely issue because he failed to raise it in the trial court. The United States Supreme Court has stated that "when a decision of this court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review." Schriro v. Summerlin, ___ U.S. ___, 124 S.Ct. 2519, 2522 (2004). The State argues that Blakely does not establish a new rule but merely clarifies the rule announced in Apprendi v. New Jersey, 530 U.S. 366 (2000). In support of its argument, the State notes that the Supreme Court stated in Blakely that "this

---

[1] In Apprendi v. New Jersey, 530 U.S. 466 (2000), the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. In Ring v. Arizona, 536 U.S. 584, 587 (2002), the Court applied Apprendi to hold that because Arizona conditioned eligibility for the death penalty upon the presence of an aggravating fact that was not an element of first degree murder, the Sixth Amendment guaranteed the defendant a right to a jury determination of that fact.

case requires us to apply the rule we expressed in Apprendi." Blakely, 542 U.S. at ___, 124 S. Ct. at 2536.

A case "announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal government." Van Tran v. State, 66 S.W.3d 790, 810-11 (Tenn. 2001) (quoting Teague v. Lane, 489 U.S. 288, 301 (1989)). In other words, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague, 489 U.S. at 301.

The defendant in Apprendi was convicted of multiple offenses, including second degree possession of a firearm for an unlawful purpose. 530 U.S. 466 (2000). New Jersey state law prescribed a sentence of five (5) to ten (10) years for a second degree offense, but a hate crime statute in effect at the time provided that a judge could enhance the defendant's sentence above the maximum in the range if the crime was racially motivated. Pursuant to the statute, the trial court in Apprendi sentenced the defendant to twelve (12) years, two (2) years above the range. The United States Supreme Court reversed, determining that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490.

The argument advanced by the State herein is that the rule in Blakely merely extends the rule previously announced in Apprendi. However, in Graham v. State, 90 S.W.3d 687, 692 (Tenn. 2002), our supreme court held that the noncapital sentencing procedure in this state complied with Apprendi, saying,

> In Apprendi, the United States Supreme Court reviewed a New Jersey provision that allowed a judge to impose a sentence exceeding the statutory maximum for an offense if the judge finds, by a preponderance of the evidence, that the offense constituted a hate crime. The [Tennessee] Supreme Court struck the provision down, holding that due process requires that "any fact, other than a previous conviction, used to enhance a sentence above the statutory maximum must be: (1) charged in the indictment, (2) submitted to the jury, and (3) proven beyond a reasonable doubt." State v. Dellinger, 79 S.W.3d 458, 466 (Tenn. 2002) (quoting Apprendi, 530 U.S. at 476, 120 S. Ct. 2348). However, the Court emphasized that the judge still retains his discretion to consider all enhancing and mitigating factors "within the range prescribed by the statute." Apprendi, 530 U.S. at 481, 120 S. Ct. 2348 (emphasis added).

The appellant herein received a sentence of eleven (11) years, a sentence within the statutory maximum for especially aggravated sexual exploitation of a minor as a Range I standard offender. Accordingly, the trial court was well within its discretion and statutory authority to consider enhancing factors for the purpose of sentencing without the assistance of the jury. Thus, Apprendi provides no relief to the appellant.

This Court has acknowledged that Blakely "extended Apprendi's holding that, under the Sixth Amendment, a jury must find all facts used to increase a defendant's sentence beyond the statutory maximum." See State v. Charles Benson, No. M2003-02127-CCA-R3-CD, 2004 WL 2266801, at *8 (Tenn. Crim. App. at Nashville, Oct. 8, 2004). In so doing, this Court went on to state that:

> [N]othing in Apprendi suggested that the phrase "statutory maximum" equated to anything other than the maximum in the range. To the contrary, the United States Supreme Court stated the issue in Apprendi as "whether the 12-year sentence imposed . . . was permissible, given that it was above the 10-year maximum for the offense charged in that count." 530 U.S. at 474, 120 S. Ct. at 2354. We also note that the Supreme Court has considered the retroactive effect of the holding in Ring v. Arizona 536 U.S. 584, 592-93, 122 S. Ct. 2428, 2435 n.1, 153 L. Ed. 2d 556 (2002), as a new rule for capital cases even though it was based on Apprendi. See Schriro, ___ U.S. at ___, 124 S. Ct. at 2525-27. . . . We conclude that Blakely alters Tennessee courts' interpretation of the phrase "statutory maximum" and establishes a new rule in this state . . . .

Id. at *9. We concluded that the denial of the right to a jury trial could not be harmless error as argued by the State even if Blakely did not establish a new rule, because absent a written waiver of the right to a jury trial, "it must appear from the record that the defendant personally gave express consent [to waive a jury trial] in open court." Id. at *9 (quoting State v. Ellis, 953 S.W.2d 216, 221 (Tenn. Crim. App. 1997)). The same analysis applies herein. The record in this case contains neither a written waiver of the right to a jury trial nor an express waiver from the appellant.

The trial court herein applied enhancement factor (2) based upon the fact that the appellant had two federal convictions for possession of child pornography and was serving a federal sentence at the time of sentencing and demonstrated prior "criminal behavior" that was "over and above that which was necessary to support his convictions in Federal court." At the sentencing hearing, defense counsel agreed that the record contained proof that the appellant "downloaded other sexually explicit material involving child pornography over and above that used for his pleas in federal court." Irrespective of the fact that the trial court considered prior "criminal behavior," Blakely makes clear that a trial court may enhance a sentence based upon prior convictions. Blakely, 542 U.S. at ___, 124 S. Ct. at 2536. We determine that the trial court's application of factor (2) for the appellant's prior convictions was proper. However, the trial court also applied enhancement factors (8) and (16). We believe that the trial court's application of these factors violates Blakely. See State v. Lawrence Warren Pierce, No. M2003-01924-CCA-R3-CD, 2004 WL 2533794, at *12 (Tenn. Crim. App. at Nashville, Nov. 9, 2004) (determining that trial court's application of factor (8) violated Blakely where there was "no proof, as required by Blakely, for its application"); State v. Bobby Northcutt, No. M2003-02805-CCA-R3-CD, 2004 WL 2266798, at *7-*8 (Tenn. Crim. App. at Nashville, Oct. 7, 2004) (concluding that trial court's application of factor (8) and factor (16) violated Blakely where the enhancement factors were not submitted to or found by a jury or admitted by the defendant).

Because the trial court erred in sentencing the appellant, we will review his sentence de novo with no presumption of correctness. We have already determined that the record supports the imposition of enhancement factor (2). The record reflects that the appellant had two prior federal convictions for possession of child pornography and was serving a federal sentence for those crimes at the time of the sentencing hearing herein. In light of the fact that these convictions arose from the same basic set of circumstances as the conviction for especially aggravated sexual exploitation of a minor, this enhancement factor is entitled to little weight. The remaining enhancement factors are prohibited by Blakely from consideration by the trial judge. Thus, we modify the appellant's sentence from eleven (11) years to nine (9) years.

Conclusion

Accordingly, the portion of the previous opinion of this Court affirming the appellant's sentence is vacated. The appellant's sentence for the conviction of especially aggravated sexual exploitation of a minor is modified to nine (9) years. The remainder of this Court's opinion affirming the appellant's convictions is affirmed.

_____
JERRY L. SMITH, JUDGE